THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BUESING BROTHERS, INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) |

Case No.: 15-cv-6213

## COMPLAINT

Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND ("Welfare Fund"), THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), and PAT SHALES, administrator of the Funds, through their attorneys, Dowd, Bloch, Bennett & Cervone, by way of their complaint against Defendant, BUESING BROTHERS, INC., an Illinois corporation, state as follows:

### The Parties, Jurisdiction, and Venue

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the

Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Apprentice Fund, the Illinois Small Pavers Association ("ISPA"), and the Safety Fund (collectively, "the Affiliated Organizations").

2. Defendant, BUESING BROTHERS, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)& (c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. On October 3, 2012, the Defendant Company filed for Chapter 11 bankruptcy, Case No. 12-39355 in the United States Bankruptcy Court for the Northern District of Illinois. The allegations in this lawsuit address only post-petition delinquencies. Plaintiffs do not ask the Court to address in this lawsuit any pre-petition debts, liabilities, delinquencies, or obligations.

**COUNT I**

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS
AS REVEALED IN AN AUDIT**

6. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 5 above, as if fully stated herein.

7. By virtue of the Independent Construction Industry Collective Bargaining Agreement signed by an authorized representative of Defendant Company on or about March 1, 1999, a true and correct copy of which is attached hereto as Exhibit A, the District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits, and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

8. Since at least November 1, 2012, the Defendant Company has employed employees who performed work covered by the Agreement.

9. Pursuant to the Agreement, the Defendant Company must pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in

3

liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

10. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

11. Pursuant to the Agreement, the Defendant Company is also required to pay contributions for each hour worked by any subcontractor who is not signatory to the Agreement and has employees performing work covered by the Agreement. Employers who fail to report and/or remit contributions for these hours worked by subcontractors are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which for Funds contributions increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

12. Under the terms of the Agreement, the Defendant Company is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not the Defendant Company is in compliance with its obligation to contribute to the Funds and Affiliated Organizations.

13. Plaintiffs obtained an audit of the Defendant Company which demonstrates that the Defendant Company has breached the provisions of the Agreement by failing to pay to the Funds and Affiliated Organizations all of the contributions owing for employees employed by the Defendant Company to perform work covered by the Agreement during the audit period of November 1, 2012 through May 31, 2015. A copy of the audit report is attached as Exhibit B. The audit revealed delinquencies of $6,723.81 (including a credit for a partial payment) as shown the following chart:

| Buesing Brothers | Amount |
|---|---|
| **Audit Report 11/12 - 5/15** | |
| Welfare Contributions | $ 4,078.74 |
| Pension Contributions | $ 3,180.96 |
| Apprenticeship Contributions | $ 152.25 |
| ISPA | $ 14.60 |
| LDCLMCC | $ 21.90 |
| LECET | $ 12.78 |
| Dues Fund | $ 240.21 |
| **Sub-total of Audit Report** | **$ 7,701.44** |
| Liquidated Damages @ 20% | $ 1,482.39 |
| Liquidated Damages @ 10% | $ 28.95 |
| Interest | $ 404.33 |
| Auditor Fee | $ 717.90 |
| Partial Payment by Check No. 6044 | $ (3,611.20) |
| **Total Delinquency from Audit** | **$ 6,723.81** |

14. The Defendant Company's failure to correctly report and pay contributions during this period deprived the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardized the welfare and pension benefits of participants and beneficiaries.

15. Despite demand duly made, the Defendant Company has refused to make payment of the contributions referenced in Paragraph 13. The Defendant Company is liable for interest and liquidated damages of 20% for prior delinquent contributions owed to the Funds and the Apprenticeship contributions, and liquidated damages of 10% on contributions to ISPA, LDCLMCC, LECET, and the Dues Fund. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the funds and interest on the unpaid contributions continue to accrue until payment is made.

16. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

17. The failure of the Defendant Company to properly report and make all required contributions and dues violates ERISA Section 515, 29 U.S.C. §1145, and/or LMRA Section 301, 29 U.S.C. §185.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against Defendant Company on Count I in the amount of $6,723.81;

B. That Plaintiffs be awarded their costs herein, including reasonable attorneys fees and costs incurred in the prosecution of this action, as provided in the applicable Agreement and 29 U.S.C. Section 1132(g)(2); and

C. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

### FAILURE TO PAY LIQUIDATED DAMAGES AND INTEREST ON UNTIMELY-PAID EMPLOYEE BENEFIT FUND CONTRIBUTIONS

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 as if fully stated herein.

19. In addition to the delinquencies described above, the Defendant Company also submitted reports to the Funds untimely for various months during the period of September 2013 through October 2014, as detailed in the chart below, based on which Defendant Company has incurred interest and late fees.

| Buesing Brothers, Inc. | Principal Contributions Reported | Liquidated Damages at 20% | Interest Through May 31, 2015 |
| --- | --- | --- | --- |
| Sep-13 | $3,276.00 | $655.20 | $140.31 |
| Nov-13 | $4,468.89 | $893.78 | $203.28 |
| Dec-13 | $4,680.00 | $936.00 | $182.44 |
| Aug-14 | $2,708.40 | $541.68 | $37.35 |
| Sep-14 | $3,525.80 | $705.16 | $41.97 |
| Oct-14 | $4,514.00 | $902.80 | $39.91 |
| | Totals: | $4,634.62 | $645.26 |

20. The amount of interest Defendant Company owes to the Funds is $4,634.62 as stated in the chart above. The amount of liquidated damages Defendant Company owes to the Funds is $645.26 as stated in the chart above. The sum of those figures is $5,279.88.

21. All conditions precedent to requiring payment of these liquidated damages and interest to the Funds have been met.

22. The failure of Defendant Company to timely report and make all required payments to the Funds violates ERISA Section 515, 29 U.S.C. § 1145, and/or LMRA Section 301, 29 U.S.C. § 185.

23. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, Defendant Company is liable to the Funds for interest, liquidated damages in the amount of 20%, reasonable attorneys' fees, and court costs, based on its failure to timely pay contributions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in favor of Plaintiffs and against Defendant Company on Count II in the amount of $5,279.88, plus reasonable attorneys' fees and court costs.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff
One of Plaintiffs' Attorneys

J. Peter Dowd (#0667552)
Josiah A. Groff (#6289628)
William M. Kinney (#6286597)
Elizabeth L. Rowe (#6316967)
**DOWD, BLOCH, BENNETT & CERVONE**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361